## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                                      No.   CV 1:16-cv-341 WJ/CG
                                                                   CR 1:03-cr-2367 WJ

SHAMON DOMINIC PACHECO,

      Defendant/Petitioner.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Shamon Dominic Pacheco's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion"), (CV Doc. 1), filed April 25, 2016; Respondent *United States' Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* (the "Response"), (CV Doc. 10), filed June 9, 2016; and Petitioner's *Reply to Government's Response to Pro Se 2255 Petition under* Johnson v. United States (the "Reply"), (CV Doc. 12), filed June 23, 2016.[1] United States District Judge William P. Johnson referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case.

After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Petition be **DISMISSED WITH PREJUDICE** because Petitioner's status as an armed career criminal was not based on the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

---

[1] Documents referenced as "CV Doc. ___" are from case number 16-cv-341-WJ-CG. Documents referenced "CR Doc. ___" are from case number 03-cr-2367-WJ.

## I.      Procedural Background

Petitioner is an inmate at the United States Penitentiary in Lewisburg,

Pennsylvania. (CV Doc. 1). On February 24, 2005, Petitioner pled guilty to an indictment

charging him with being a felon in possession of a firearm or ammunition, in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2). (CV Doc. 11-1 at 1). Petitioner was sentenced to

180 months imprisonment after pleading guilty to the indictment, because the Court

found that Petitioner met the classification of an armed career criminal based on his

prior criminal convictions. (CV Doc. 11 at 1). The relevant prior convictions include: (1)

Aggravated Assault with a Deadly Weapon and Shooting at or from an Occupied Motor

Vehicle; (2) Shooting from a Motor Vehicle and Aggravated Assault with a Deadly

Weapon; and (3) Aggravated Battery against a Household Member with a Deadly

Weapon and Child Abuse. (CV Doc. 11-1 at 9, 12-14).

On April 25, 2016, Petitioner filed the instant Motion, arguing that his sentence is

unconstitutional pursuant to the Supreme Court's recent decision in *Johnson v. United

States.* 135 S.Ct. 1551 (2015). (CV Doc. 1 at 6). Petitioner states that his convictions do

not qualify as "violent felonies" as defined by the ACCA, and therefore he should not

have been sentenced as an armed career criminal. (CV Doc. 12 at 3). Respondent

maintains that Petitioner's convictions qualify as "violent felonies," and thus he is not

entitled to relief based on the *Johnson* decision. (CV Doc. 11 at 3).

## II.     Legal Standard

### A. 28 U.S.C. § 2255 Standard

An individual claiming that his sentence "was imposed in violation of the

Constitution or laws of the United States" may move a court to vacate, set aside, or

correct a sentence by filing a petition under 28 U.S.C. § 2255(a).  To obtain habeas

relief under § 2255, the petitioner must demonstrate "an error of constitutional

magnitude which had a substantial and injurious effect or influence on the verdict."

*United States v. Johnson*, 996 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v.*

*Abrahamson*, 507 U.S. 619, 637-38 (1993)).  A court must hold an evidentiary hearing

on a § 2255 petition unless the motions, files, and records conclusively show that the

prisoner is not entitled to any relief.  28 U.S.C. § 2255(b).

### B. The Johnson Decision

Under the ACCA, an individual with "three previous convictions  . . . for a violent

felony or a serious drug offense," and found to be in possession of a firearm or

ammunition, will receive a mandatory, minimum fifteen-year sentence. 18 U.S.C. §§

922(g), 924(e). The statute defines

> the term 'violent felony' [as] any crime punishable by imprisonment for a
> term exceeding one year, or any act of juvenile delinquency involving the
> carrying of a firearm, knife, or destructive device that would be punishable
> by imprisonment for such term if committed by an adult, that –
>
> > (i)     Has an element the use, attempted use, or threatened use of
> >         physical force against the person of another; or
> >
> > (ii)    Is burglary, arson, or extortion, involves use of explosive, *or*
> >         *otherwise involves conduct that presents a serious potential*
> >         *risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to

as the "residual clause." *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing

*Johnson*, 135 S.Ct. at 2556). In *Johnson*, the Supreme Court decided that the residual

clause "denies fair notice to defendants and invites arbitrary enforcement by judges[,]"

and therefore violates the due process clause of the Constitution. *Johnson*, 135 S.Ct. at

2563. The decision in *Johnson* "applies only to the residual[ ] clause definition of 'violent felony,' and does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the Act's definition of a violent felony." *Gieswein*, 802 F.3d at 1145 n.2.

### III.   Analysis

Petitioner alleges that his sentence was enhanced under the residual clause of the ACCA in violation of his constitutional right to due process based on his prior convictions for: (1) Aggravated Assault with a Deadly Weapon and Shooting at or from an Occupied Motor Vehicle; (2) Shooting from a Motor Vehicle and Aggravated Assault with a Deadly Weapon; and (3) Aggravated Battery against a Household Member with a Deadly Weapon and Child Abuse. (CV Doc. 12 at 2). Specifically, Petitioner argues that these prior convictions do not amount to three "violent felonies" under the ACCA. Therefore, Petitioner contends that he should not be sentenced as an armed career criminal.

Respondent argues that Petitioner's sentence enhancement was proper, as it did not rely on the residual clause. Rather, each of the offenses "has an element [of] the use, attempted use, or threatened use of physical force against the person of another[,]" and therefore constitutes a "violent felony" under the ACCA.  (Doc. 11 at 3); 18 U.S.C. § 924(e)(2)(B)(i).

In order to determine whether Petitioner should be sentenced as an armed career criminal under the ACCA in light of the *Johnson* decision, the Court will address each prior conviction individually and determine whether that conviction qualifies as a "violent felony" under the ACCA.

### A. Method of Analysis

To determine whether a crime qualifies as a "violent felony" under the physical force clause of the ACCA, the Court must employ either the "categorical approach" or the "modified categorical approach." *United States v. Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010). The decision about which approach the Court should use turns on whether an offense is "divisible" or "indivisible." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013). The categorical approach is used when a statute is indivisible, meaning the statute "provides only a single set of elements to define a single crime." *United States v. Rodriguez*, 768 F.3d 1270, 1273 (10th Cir. 2014). Under the categorical approach, a court "may 'look only to the statutory definitions' – *i.e.*, the elements – of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps*, 133 S.Ct. at 2283 (emphasis in original) (quoting *Taylor v. United States*, 495 U.S. 495 U.S. 575, 591 (1990)). The Court is permitted to conclude that a conviction did not "rest[ ] upon anything more than the least of" the criminal acts within a statute. *Johnson v. United States*, 559 U.S. 133, 137 (2010) ("*Johnson I*").

The categorical approach "is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016). However, when a statute is divisible, meaning that it "list[s] elements in the alternative, and thereby define[s] multiple crimes[,]" the categorical approach is more difficult to apply. *Id*. Instead, when a defendant is convicted under a statute which "contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not[.]" courts apply the modified categorical approach. *Johnson I*, 559 U.S. at 144 (citations omitted) (internal quotation marks

omitted).

In applying the modified categorical approach, the Supreme Court permits courts "to determine which statutory phrase was the basis for the conviction by consulting the trial record – including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Id.* A court may not "consider the 'particular facts disclosed by the record of conviction[,]'" but instead may look at relevant documents "for the sole purpose of determining which part of [a] statute [a] defendant violated." *United States v. Gomez*, 690 F.3d 194, 198 (4th Cir. 2012) (quoting *Shepard v. United States*, 544 U.S. 13, 17 (2005)). This approach allows a court to "'determine whether the defendant in a particular case was convicted of an offense' that qualifies as a violent felony." *Ramon Silva*, 608 F.3d at 669 (quoting *United States v. Hernandez*, 568 F.3d 827, 829 (10th Cir. 2009)).

In this case, the Court will determine the appropriate approach to utilize based on the individual statutes under which Petitioner was convicted.

### B.  Aggravated Assault with a Deadly Weapon

In 1990 and again in 1996, Petitioner was convicted of aggravated assault with a deadly weapon in violation of N.M. STAT. ANN. § 30-3-2(A) (West 1978). (Doc. 11-1 at 9, 12). In New Mexico, "[a]ggravated assault consists of . . . unlawfully assaulting or striking at another with a deadly weapon." *Id.* Assault is defined as either

> A. an attempt to commit a battery upon the person of another;
>
> B. any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery; or
>
> C. the use of insulting language toward another impugning his honor, delicacy or

reputation.

N.M. STAT. ANN. § 30-3-1 (West 1978).

The New Mexico assault statute is a "divisible" statute because it "lists multiple, alternative elements." *Descamps*, 133 S.Ct. at 2285. Thus, the Court would typically use the modified categorical approach to determine if a conviction under this statute constitutes a "crime of violence" according to the ACCA. However, the Supreme Court limited the inquiry into the elements of a divisible statute to "the terms of the charging document, the terms of a plea agreement or transcript colloquy . . ., or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). Here, the Court has only been provided with Petitioner's Presentence Investigation Report ("PSR"),[2] and the Tenth Circuit has specifically held that a court may not consider the PSR under the modified categorical approach. *United States v. Rooks*, 556 F.3d 1145, 1149 n.4 (10th Cir. 2009) (citing *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1211 (10th Cir. 2007)). As a result, the Court must "turn to the plain language" of the statue "to determine if, standing alone it would support the crime of violence enhancement," effectively utilizing the categorical approach instead of the modified categorical approach. *United States v. Perez-Vargas*, 414 F.3d 1282, 1285 (10th Cir. 2005).

Based on the categorical approach, Petitioner argues that aggravated assault with a deadly weapon under New Mexico law "does not necessarily require the intentional use of violent force." (Doc. 12 at 5). The Petitioner bases this reading of the

---

[2] The United States Probation Office is reviewing all cases in which a Defendant was charged with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in light of the Supreme Court's decision in *Welch v. United States,* holding that the decision in *Johnson* applied retroactively. 136 S.Ct. 1257, 1268 (2016). As part of that review, the Probation Office submitted a Memorandum and PSR for the Court's consideration. (Docs. 11, 11-1).

statute on the third prong of assault, "the use of insulting language." (Doc. 12 at 7).

Petitioner relies on the Sixth Circuit's finding in *Unites States v. Rede-Mendez*, which

found that because "the use of insulting language[,]" does not threaten the use of

physical force, aggravated assault with a deadly weapon is not a "violent felony." 680

F.3d 552, 558 (6th Cir. 2012).

The Tenth Circuit has found that aggravated assault qualifies as a "violent felony"

for purposes of the ACCA; however, the Court only addressed the first two prongs of the

assault statute. *Ramon Silva*, 608 F.3d 663. Nevertheless, United States District Judge

James O. Browning from the District of New Mexico has considered the aggravated

assault statute in its entirety, and held that aggravated assault is a "violent felony." *See*

*United States v. Miera*, No. Cr 12-3111 JB, 2013 WL 6504297 (D.N.M. Nov. 22, 2013)

(unpublished).[3] In *Miera*, the Court determined that the insulting language prong of

assault is not recognized by New Mexico Courts. *Id.* at *20. The Court looked at the

New Mexico Uniform Jury Instructions ("NMUJI") and found that for aggravated assault,

the instructions include "'attempted battery with a deadly weapon,' 'threat of menacing

conduct with a deadly weapon,' and a combined instruction, but not a jury instruction for

the insulting[ ]language prong." *Id.* (quoting UJI 14-304-06 NMRA). Thus, the Court

determined that New Mexico does not recognize the insulting language theory of

aggravated assault, and found that aggravated assault "is categorically a crime of

violence under U.S.S.G. § 4B1.2's element prong, because binding Tenth Circuit

---

[3] *Miera* determined whether aggravated assault was a "crime of violence" under the federal Sentencing Guidelines § 4B1.2; however, the definition for a "crime of violence" is the same as the ACCA definition of "violent felony." *See United States v. Hudson*, 823 F.3d 11 (1st Cir. 2016) (finding that the decision in *Johnson* invalidates the application of the residual clause in the Sentencing Guidelines); *contra United States v. Beckles*, No. 13-13569, 616 Fed. Appx. 415 (11th Cir. Sept. 29, 2015) (unpublished), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544) (finding that the decision in *Johnson* does not control sentencing as a career offender based on the Sentencing Guidelines).

[precedent] requires that result[.]" *Id.* at 27.

Petitioner cites to one case in New Mexico in which a prosecution for insulting language was upheld. (Doc. 12 at 9). However, the defendant in that case "did not just use 'coarse language, insulting, gutter terms,' but also 'threatened [the victim] and her children with bodily harm.'" *Carrasco-Tercero*, 745 F.3d at 198 (quoting *State v. Parrillo*, 607 P.2d 636, 637-38 (N.M. Ct. App. 1979). In this case, Petitioner was not simply convicted of aggravated assault, but aggravated assault with a deadly weapon. (Doc. 11-1 at 9, 12). In addition, the New Mexico Court of Appeals ("NMCOA") elaborated on the definition of aggravated assault such that "[t]he offense of aggravated assault requires proof that defendant threatened or engaged in menacing conduct with a deadly weapon toward a victim, causing the victim to believe he or she was about to be in danger of receiving an immediate battery." *See United States v. Carrasco-Tercero*, 745 F.3d 192, 198 (5th Cir. 2014) (quoting *State v. Bachicha*, 808 P.2d 51, 54 (N.M. Ct. App. 1991) (holding that New Mexico offense of aggravated assault with a deadly weapon was a "crime of violence").

The Court finds it important to note that, also under a predecessor statute, the NMCOA previously defined "aggravated assault in terms of an unlawful assault with a deadly weapon," and assault "in terms of either an attempt to commit a battery or any unlawful act, threat or menacing conduct causing a reasonable belief of receiving an immediate battery," and battery as "an unlawful, intentional touching or application of force." *Miera*, No. Cr 12-3111 JB, 2013 WL 6504297, at *27 (citing *State v. Mascarenas*, 526 P.2d 1285, 1287 (N.M. Ct. App. 1974). Although the insulting-language prong was part of the statute at the time *Mascarenas* was decided, the NMCOA only used the first

two prongs to define assault. *Id.* at *21. Therefore, NMCOA appears to have limited

aggravated assault convictions to the first two prongs of the statute. *Id.*

       The Fifth Circuit concurs with the NMCOA and Judge Browning in this analysis.

The Fifth Circuit determined that in New Mexico, aggravated assault is "categorically a

crime of violence under the 'has as an element' clause of the guidelines." *Carrasco-*

*Tercero*, 745 F.3d at 197.[4] In the *Carrasco-Tercero* case, the Court held that a

conviction for aggravated assault based on the insulting language prong "is, at best, a

theoretical, rather than a realistic proposition under New Mexico law." *Id.* "[T]he

categorical approach assumes that the defendant committed the least culpable act to

satisfy the count of conviction as long as there is 'a realistic probability, not a theoretical

possibility, that the State would apply its statute to [that conduct].'" *Id.* at 198 (quoting

*Moncrieffe v. Holder*, 133 S.Ct. 1678, 1685 (2013)). In order "[t]o show [a] realistic

probability, an offender . . . must at least point to his own case or other cases in which

the state courts in fact did apply the statute in the special . . . manner for which he

argues." *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). Because

the Defendant could not do so, the Fifth Circuit ultimately found that New Mexico does

not recognize the insulting language prong of the aggravated assault statute.

       In sum, this Court is similarly persuaded by the evidence that New Mexico does

not recognize the insulting language prong for aggravated assault. Although "the

provision remains part of the New Mexico criminal code and thus available to

prosecutors in [the] state," the Court is not convinced that there is a realistic possibility

---

[4] The Court in Carrasco-Tercero analyzed whether aggravated assault was a crime of violence under the
Sentencing Guidelines § 2L1.2. The enumerated list in this section is different than the ACCA; however,
the guidelines also define a "crime of violence" as "any other offense . . . that has an element the use,
attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2.

that New Mexico would apply the insulting language prong in prosecuting a criminal defendant. (Doc. 12 at 10) (quoting *Rede-Mendez*, 680 F.3d at 558 n.7). Therefore, based on Tenth Circuit precedent, the Court finds that aggravated assault with a deadly weapon is a "violent felony." Accordingly, Petitioner's two convictions for this crime were properly classified as "violent felonies."

### C. Aggravated Battery against a Household Member with a Deadly Weapon

In 1996, Petitioner was convicted of aggravated battery against a household member with a deadly weapon. (Doc. 11-1 at 13). In New Mexico, "[a]ggravated battery against a household member consists of the unlawful touching or application of force to the person of a household member with the intent to injure the person or another." N.M. STAT. ANN. § 30-3-16 (West 1978). Aggravated battery against a household member is a divisible crime, because an individual could be convicted for either unlawful touching or the application of force. Therefore, the Petitioner's conviction would normally be analyzed under the modified categorical approach. However, because the Court was only provided with a PSR, the Court cannot apply the modified categorical approach. *Rooks*, 556 F.3d at 1149 (citing *Sanchez-Garcia*, 501 F.3d at 1211). The Court must instead look to the language of the statute and determine if a conviction under the statute would qualify as a violent felony. *Perez-Vargas*, 414 F.3d at 1285.

Petitioner argues that aggravated battery is not a "violent felony," because an "unlawful touching" "does not require the strong, substantial force, capable of causing physical pain or injury required by the Supreme Court for a federal crime of violence." (Doc. 12 at 11) (quoting *Johnson I*, 559 U.S. at 140). In support, Petitioner cites to *Johnson I*, for the proposition that a minimal touching does not constitute "physical

force" under the ACCA. (Doc. 12 at 11) (citing *Johnson I*, 559 U.S. at 145). Petitioner contends that, in New Mexico, a person could be convicted of aggravated battery without the force required; therefore, aggravated battery against a household member is a predicate offense only through the unconstitutional residual clause. (Doc. 12 at 12). However, courts analyzing this issue have found otherwise.

Indeed, in *Miera*, Judge Browning found that, "even an 'insolent' touching with a deadly weapon would be a crime of violence," based on the Tenth Circuit's analysis of "aggravated battery statutes that criminalized intentional physical contact with a deadly weapon." *Miera*, 2013 WL 650429, at *18 (quoting *Ramon Silva*, 608 F.3d at 671-62). In *United States v. Treto-Martinez*, the Tenth Circuit reviewed a Kansas conviction for aggravated battery against a police officer. *Miera*, 2013 WL 650429, at *18 (citing *Treto-Martinez*, 421 F.3d 1156, 1162 (10th Cir. 2005)). There, the Tenth Circuit held that "all intentional physical contact with a deadly weapon done in a rude, insulting, or angry manner does constitute physical force under" the sentencing guidelines. *Id.* (quoting *Treto-Martinez*, 421 F.3d at 1159).

Similarly, the Fifth Circuit has held that "the touching of an individual with a deadly weapon creates a sufficient threat of force to qualify as a crime of violence." *Id.* (quoting *United States v. Dominguez*, 479 F.3d 345, 348 (5th Cir. 2007)). In a separate case, the Fifth Circuit held that aggravated assault with a deadly weapon was a violent felony, because "the attempt to offensively touch a victim with a deadly weapon combined with the intent to do the same is enough to give rise to a threatened use of force . . . ." *Id.* at *19 (quoting *United States v. Licon-Nunez*, No. 06-50745, 230 Fed. Appx 448, 452 (5th Cir. June 7, 2007) (unpublished)).

Furthermore, aggravated battery against a household member, on its face, requires more than touching in an "insulting" manner; it requires touching "with intent to injure the person of another." N.M. STAT. ANN. § 30-3-16. Indeed, under the NMUJI, in order to constitute aggravated battery against a household member, a defendant must: (1) touch or apply force to a victim; (2) with a deadly weapon; (3) with intent to injure the victim; and (4) the victim must be a household member of the defendant. UJI 14-392 NMRA.

Based on the statute and the case law cited above, this Court is persuaded that touching a victim with a deadly weapon and with the intent to cause injury has at least "the threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1). Therefore, the Court finds that aggravated battery against a household member with a deadly weapon is a "violent felony." Because the Court finds that Petitioner was convicted of three "violent felonies," the Court concludes that Petitioner was properly sentenced under the ACCA.

### D. Shooting from a Motor Vehicle and Child Abuse

Petitioner was also convicted of felony shooting from a motor vehicle and child abuse. (Doc. 11-1 at 9, 12-13). Since the two counts of aggravated assault with a deadly weapon and aggravated battery against a household member with a deadly weapon are "violent felonies" and were "committed on occasions different from one another," the Court finds that Petitioner was properly sentenced under the ACCA. As a result, the Court will not determine if Petitioner's convictions for felony shooting and child abuse are "violent felonies." 18 U.S.C. § 924(e)(1).

## IV.     Recommendation

For the reasons discussed above, the Court finds that Petitioner's sentence was properly enhanced under ACCA because he was convicted of three "violent felonies" on different occasions. The pleadings, files, and records conclusively show that Petitioner is not entitled to any relief; consequently, the Court will not hold a hearing in this case. *See* 28 U.S.C. § 2255(b). Therefore, the Court **RECOMMENDS** that Petitioner Shamon Dominic Pacheco's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (CV Doc. 1), be **DISMISSED WITH PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE