**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                           No.    CV 1:16-cv-341 WJ/CG
                                                      CR 1:03-cr-2367 WJ

SHAMON DOMINIC PACHECO,

    Defendant/Petitioner.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed August 1, 2016. (CV Doc. 13).[1] In the PFRD, the Magistrate Judge concluded that Petitioner Shamon Dominic Pacheco was properly sentenced under the Armed Career Criminal Act ("ACCA"), and recommended that his *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Motion"), (CV Doc. 1), be dismissed with prejudice.

The parties were notified that written objections to the PFRD were due within 14 days. (CV Doc. 13 at 14). Petitioner filed *Defendant-Petitioner's Objections to Proposed Findings and Recommended Dispositions* ("Objections"), (Doc. 14), on August 18, 2016. After a *de novo* review of the record and the PFRD, the Court adopts Judge Garza's PFRD in its entirety.

---

[1] Documents referenced as "CV Doc. \_\_\_\_" are from case number 16-cv-341-WJ-CG. Documents referenced as "CR Doc. \_\_\_\_" are from case number 03-cr-2367-WJ.

## I. Background

Petitioner is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. (CV Doc. 1). On February 24, 2005, Petitioner pled guilty to being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. §§ 922(g)(1). (CV Doc. 11-1 at 1). Petitioner was sentenced to 180 months imprisonment because he was found to have met the classification as an armed career criminal under the ACCA based on his prior criminal convictions. (CV Doc. 11 at 1). His prior convictions included: (1) aggravated assault with a deadly weapon and shooting at or from an occupied motor vehicle; (2) shooting from a motor vehicle and aggravated assault with a deadly weapon; and (3) aggravated battery against a household member with a deadly weapon and child abuse. (CV Doc. 11-1 at 9, 12-14).

On April 25, 2016, Petitioner requested review of his sentence pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 1551 (2015) ("*Johnson II*"). (CV Doc. 1 at 6). This Court referred this matter to Judge Garza to conduct analysis and to make findings of fact and a recommended disposition. (CV Doc. 2). Judge Garza concluded that Petitioner's claim should be dismissed with prejudice because Petitioner was correctly classified under the ACCA.

## II. Objections

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255

Proceedings for the United States District Courts. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, Petitioner argued that his sentence was enhanced based on the residual clause of the ACCA, in violation of his Due Process Rights. Petitioner alleged that his prior convictions for (1) aggravated assault with a deadly weapon; (2) shooting at or from an occupied motor vehicle; (3) aggravated battery against a household member with a deadly weapon; and (4) child abuse only constituted "violent felonies" under the residual clause of the ACCA. (CV Doc. 12 at 2). Because the Supreme Court

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3

found the residual clause to be unconstitutional in *Johnson II*, Petitioner maintains that he was incorrectly sentenced. (CV Doc. 12 at 2).

After considering the evidence in the record and the relevant law, Judge Garza determined that Petitioner's convictions for aggravated assault with a deadly weapon and aggravated battery against a household member with a deadly weapon were correctly classified as "violent felonies" under the ACCA, and, therefore, Petitioner was correctly sentenced. (CV Doc. 13 at 6-13). Accordingly, Judge Garza recommended that Petitioner's Motion be dismissed with prejudice. (CV Doc. 13 at 14).

Petitioner filed Objections in which he maintains that aggravated assault with a deadly weapon and aggravated battery against a household member with a deadly weapon can only be classified as "violent felonies" under the residual clause of the ACCA. The Court will address each objection in turn.

  A. *Petitioner's Objection to the Aggravated Assault Finding*

Petitioner objected to Judge Garza's finding that aggravated assault with a deadly weapon is a violent felony under the first prong of the ACCA. Judge Garza determined that it "has as an element the use, attempted use, or threatened use of physical force against the person of another" ("physical force clause"). 18 U.S.C. § 924(e)(2)(B)(i). (CV Doc. 14 at 3). Petitioner also objects to Judge Garza's finding that New Mexico does not recognize the "insulting language" prong of the New Mexico assault statute. (CV Doc. 14 at 1).

In the PFRD, Judge Garza explained that to determine whether a crime qualifies as a "violent felony" under the physical force clause of the ACCA, a court employs either the "categorical approach" or the "modified categorical approach." *United States v.*

*Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010). The categorical approach is utilized when a statute is indivisible; in other words, when a statute "provides only a single set of elements to define a single crime." *United States v. Rodriguez*, 768 F.3d 1270, 1273 (10th Cir. 2014). Under the categorical approach, the Court "may 'look only to the statutory definitions' – *i.e.*, the elements – of a defendant's prior offenses, and not 'to particular facts underlying those convictions.'" *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

The modified categorical approach is used when a statute is divisible. Divisible statutes "list elements in the alternative, and thereby define multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). When a statute "contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not," the modified categorical approach is applied. *Johnson v. United States*, 559 U.S. 133, 144 (2010) ("*Johnson I*"). Courts may "determine which statutory phrase was the basis for the conviction by consulting the trial record – including charging documents, plea agreements, [and] transcripts of plea colloquies." *Id.*

Upon review of the record, Judge Garza first found that although aggravated assault with a deadly weapon is a divisible crime, the Court could not use the modified categorical approach because the Court was only provided with the Presentence Investigation Report, which the Tenth Circuit has stated a court may not consider. *United States v. Rooks*, 556 F.3d 1145, 1149 n.4 (10th Cir. 2009) (citing *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1211 (10th Cir. 2007)). As a result, Judge Garza utilized the categorical approach to conclude that aggravated assault with a deadly weapon qualifies as a "violent felony" under the physical force clause of the ACCA.

5

Petitioner asks the Court to follow the reasoning in *United States v. Rede-Mendez*, where the Sixth Circuit held that the aggravated assault statute only qualified as a "violent felony" under the residual clause of the ACCA. (Doc. 14 at 3 (citing *United States v. Rede-Martinez*, 680 F.3d 552, 560 (6th Cir. 2012))). The Sixth Circuit reasoned that because an individual could be convicted of aggravated assault in New Mexico by using "insulting language," which does not have an element of force, aggravated assault could not be classified as a "violent felony" under the physical force clause.

Judge Garza adopted the reasoning of United States District Judge James O. Browning from the District of New Mexico and the Fifth Circuit in finding that aggravated assault is a "violent felony." *See United States v. Carrasco-Tercero*, 745 F.3d 192, 198 (5th Cir. 2014); *United States v. Miera*, No. Cr 12-3111 JB, 2013 WL 6504297 (D.N.M. Nov. 22, 2013) (unpublished). Both Courts found that the "insulting language" prong of the assault statute is not recognized by New Mexico Courts. *Miera*, 2013 WL 6504297, at *20; *Carrasco-Tercero*, 745 F.3d at 197-98. Petitioner objects to this finding, stating that the Court may not "re-write a New Mexico State Statute based on its perception of the viability" of the insulting language prong, "or its perception of whether there is a 'realistic possibility'" that New Mexico would apply the insulting language prong in prosecuting a criminal defendant." (Doc. 14 at 2).

Judge Garza, however, based her decision on several different factors. First, the New Mexico Uniform Jury Instructions include instructions for "'attempted battery with a deadly weapon,' 'threat of menacing conduct with a deadly weapon,' and a combined instruction, but [they do] not include a jury instruction for the insulting language prong."

*Miera*, 2013 WL 6504297, at *20. Second, the Court noted that under a previous statute, the New Mexico Court of Appeals defined "aggravated assault in terms of an unlawful assault with a deadly weapon," and assault as "either an attempt to commit a battery or an unlawful act, threat or menacing conduct causing a reasonable belief of receiving an immediate battery." *Id.*, at 27 (citing *State v. Mascarenas*, 1974-NMCA-100, 526 P.2d 1285, 1287 (N.M. Ct. App. 1974). Both the jury instructions and the New Mexico Court of Appeals did not include the "insulting language" prong in the definition, which led Judge Garza to believe that New Mexico does not recognize the prong as a valid basis for an aggravated assault charge.

Third, in holding that aggravated assault is "categorically a crime of violence under the 'has as an element' clause of the" Sentencing Guidelines, the Fifth Circuit stated that the "insulting language" prong "is, at best, a theoretical rather than a realistic proposition under New Mexico law." *Carrasco-Tercero*, 745 F.3d at 197.[3] The Fifth Circuit noted that "the categorical approach assumes that the defendant committed the least culpable act to satisfy the count of conviction as long as there is [a] 'realistic probability, not a theoretical possibility, that the State would apply its statute to'" the conduct. *Id.* at 198 (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013)).

Petitioner counters that because the "insulting language" prong is a petty misdemeanor, the Magistrate or Municipal courts would conduct the proceedings, and they do not keep records. (Doc. 14 at 2). This argument is unavailing.

Not only can Petitioner not present any case where a defendant was charged

---

[3] The Court in Carrasco-Tercero analyzed whether aggravated assault was a crime of violence under the Sentencing Guidelines § 2L1.2. The enumerated list in this section is different than the ACCA; however, the Guidelines also define a "crime of violence" as "any other offense . . . that has an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2.

7

with the "insulting language" prong of aggravated assault, New Mexico courts do not appear to recognize the "insulting language" prong. *Carrasco-Tercero*, 745 F.3d at 198 (citing *State v. Bachicha*, 1991-NMCA-014, 808 P.2d 51, 54 (N.M. Ct. App. 1991). In *Bachicha*, the New Mexico Court of Appeals stated that "[t]he offense of aggravated assault requires proof that defendant threatened or engaged in menacing conduct with a deadly weapon toward a victim, causing the victim to believe he or she was about to be in danger of receiving an immediate battery." *Bachicha*, 808 P.2d at 54. Because the New Mexico Court of Appeals appears to have limited the definition of assault to not include the "insulting language" prong, this Court agrees with Judge Garza that aggravated assault is a "violent felony" based on the physical force clause of the ACCA.

### B. *Petitioner's Objection to the Aggravated Battery Finding*

Petitioner also objects to Judge Garza's finding that aggravated battery against a household member is a "violent felony" based on the physical force clause of the ACCA. (Doc. 14 at 3). Petitioner argues that in New Mexico, battery "does not require the type of strong, substantial force capable of causing physical pain or injury." (Doc. 14 at 4).

In the PFRD, Judge Garza utilized the categorical approach to determine that aggravated battery of a household member fell under the physical force clause of the ACCA. Judge Garza based this finding on the fact that the crime requires more than "unlawful touching," it requires touching "with intent to injure that person or another." N.M. STAT. ANN. § 30-3-16; *see also* UJI 14-392 NMRA. This Court agrees with Judge Garza's analysis.

Petitioner continues to argue that aggravated battery against a household member "does not require the type of strong, substantial force capable of causing

8

physical pain or injury." (Doc. 14 at 4 (citing *Johnson I*, 599 U.S. at 140)). Petitioner maintains that because the New Mexico statute allows conviction for unlawful touching "in a manner by which great bodily harm or death can be inflicted," the statute does not meet the physical force prong of the ACCA. (Doc. 14 at 4). However, under the ACCA "violent felonies" include crimes that have an element of "attempted use or threatened use of physical force" and does not require actual infliction of force. 18 U.S.C. § 924(e)(2)(B)(i).

Courts have found that even "the attempt to offensively touch a victim with a deadly weapon combined with the intent to do the same is enough to give rise to a threatened use of force." *Miera*, 2013 WL 650429, at *19 (quoting *United States v. Licon-Nunez*, No. 06-50745, 230 Fed. Appx. 448, 452 (5th Cir. June 7, 2007) (unpublished)). The New Mexico crime of aggravated battery against a household member requires more than an offensive touch; it requires touching "in any manner whereby great bodily harm or death can be inflicted." N.M. STAT. ANN. § 30-3-16. As a result, the Court finds that aggravated battery against a household member is a "violent felony" under the ACCA, and therefore Petitioner was correctly sentenced.

*C. Petitioner's Objections to Shooting from a Motor Vehicle and Child Abuse*

Finally, Petitioner reiterates his contention that the New Mexico offense of shooting from a motor vehicle and child abuse do not constitute "violent felonies" under the ACCA. (Doc. 14 at 4). Because Judge Garza found that Petitioner's two counts of aggravated assault with a deadly weapon and aggravated battery against a household member with a deadly weapon constituted "violent felonies" and were "committed on occasions different from one another," Judge Garza did not reach the merits on this

9

argument. Nor will this Court, as Petitioner was properly sentenced based on his convictions for aggravated assault and aggravated battery.

### III. Conclusion

The Court finds that Judge Garza conducted the proper analysis and correctly concluded that Petitioner's claims should be dismissed with prejudice. Petitioner's objections are overruled.

For the reasons stated above, **IT IS HEREBY ORDERED** that Judge Garza's *Proposed Findings and Recommended Disposition*, (CV Doc. 13), be **ADOPTED**, and the *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (CV Doc. 1), be **DISMISSED WITH PREJUDICE**.

_____
UNITED STATES DISTRICT JUDGE